DOLLY MORGAN, Admx., Appellee, *vs.* THE CARTERVILLE
AND BIG MUDDY COAL COMPANY, Appellant.

*Opinion filed October 16, 1914.*

APPEALS AND ERRORS—*when constitutionality of a statute is not
involved.* The constitutionality of the Workmen's Compensation
act is not involved on appeal in a personal injury case, where the
trial court, in giving the various instructions and in holding the
act unconstitutional, merely adopted the theory of both parties.

APPEAL from the Circuit Court of Williamson county;
the Hon. A. W. LEWIS, Judge, presiding.

DENISON & SPILLER, (MASTIN & SHERLOCK, of coun-
sel,) for appellant.

NEELY, GALLIMORE, COOK & POTTER, for appellee.

Mr. JUSTICE COOKE delivered the opinion of the court:

The appellee, Dolly Morgan, administratrix of the es-
tate of James Morgan, deceased, recovered a judgment
against the Carterville and Big Muddy Coal Company, ap-
pellant, in the circuit court of Williamson county, for the
death of her intestate in the coal mine of appellant, and
this appeal is taken to this court on the theory that a con-
stitutional question is involved.

Appellee alleged in her declaration that appellant, on the
date of the death of the deceased and prior thereto, had
elected not to provide and pay compensation to its em-
ployees, in the event they should receive injuries arising out
of and in the course of their employment, in accordance
with the provisions of the Workmen's Compensation act,
approved June 10, 1911, in force May 1, 1912. Morgan
was killed March 15, 1913. On the trial appellant intro-
duced in evidence the journals of the senate and house of
representatives for the purpose of showing that the Work-
men's Compensation act of June 10, 1911, had not been

passed in accordance with the requirements of the constitution and was therefore invalid. The proof thus adduced evidently satisfied both the court and counsel for appellee that the act was invalid, as the case was thereafter tried on the theory, adopted by the court and both of the parties, that appellant was entitled to avail itself of all the defenses of which the act in question pretended to deprive it. The instructions asked and given on behalf of both appellee and appellant were drawn on the theory that appellant was entitled to assert the defenses of assumed risk and contributory negligence. At the request of appellant the court specifically instructed the jury that the act in question was not passed by the legislature in the manner required by the constitution and is invalid and should be disregarded by the jury in arriving at a verdict. Appellant, of course, has not assigned as error this action of the court. Appellee has assigned no cross-errors, and, indeed, is in no position now to raise the question of the constitutionality of this act if she so desired. In giving the various instructions asked and in holding the act unconstitutional the trial court merely adopted the theory of both sides. The question of the constitutionality of the Workmen's Compensation act of 1911 was not controverted on the trial and the parties elected to try the case just as though that act had never been passed. The validity of the act not having been involved in the trial court it cannot be involved on appeal.

As this is the only question upon which it is claimed this court has jurisdiction of this appeal, the cause will be transferred to the Appellate Court for the Fourth District. The clerk will transmit all the files in the case with the order transferring the cause.     *Cause transferred.*